UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

HERAEUS ELECTRO-NITE CO., LLC,

Defendant.

Civil Action No. 14-5 (JEB)

## ASSET PRESERVATION STIPULATION AND ORDER

It is hereby stipulated and agreed by and between the undersigned parties, subject to approval and entry by the Court, that:

I.  **DEFINITIONS**

As used in this Asset Preservation Stipulation and Order:

A.  "Heraeus" means defendant Heraeus Electro-Nite Co., LLC, a Delaware corporation with its headquarters in Langhorne, Pennsylvania, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

B.  "Minco" means Midwest Instrument Company, Inc., a Wisconsin corporation with its headquarters in Hartland, Wisconsin, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

C. "S&I" means single-use sensors and instruments used to measure and monitor the temperature and chemical composition of molten steel.

D. "Acquirer" means Keystone Sensors, LLC or another entity to which Heraeus divests the Divestiture Assets.

E. "Keystone" means Keystone Sensors, LLC, a Delaware corporation headquartered in Cranberry Township, Pennsylvania, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

F. "Divestiture Assets" means all assets of Heraeus that (1) were acquired from Minco pursuant to the Asset Purchase Agreement between the companies dated August 29, 2012 (and subject to the conditions and limitations specified in that agreement), and (2) are located in the United States or Mexico, including, but not limited to:

1. The former Minco facilities located at 541 Industrial Drive, Hartland, Wisconsin and at 2735 E. Oakland Avenue, Johnson City, Tennessee;

2. All remaining assets from the former Minco facility, located at Avenida Letra D No. 1005, Monterrey, Mexico;

3. All remaining tangible assets, including, but not limited to, all manufacturing equipment, tooling and fixed assets, personal property, remaining finished or partially finished inventory, office furniture, materials, supplies, other tangible property, and all other assets, used in connection with the Divestiture Assets; all licenses, permits and authorizations issued by any governmental organization relating to the Divestiture Assets; all teaming arrangements, agreements, leases, commitments, certifications, and understandings, relating to the Divestiture Assets, including supply agreements; all customer lists, accounts, and

credit records; all repair and performance records and all other records relating to the Divestiture Assets; and

    4. All intangible assets, including, but not limited to, all intellectual property, including, but not limited to, patents, licenses and sublicenses, copyrights, trademarks, trade names, service marks, service names, technical information, computer software and related documentation, know-how, trade secrets, drawings, blueprints, designs, design protocols, specifications for materials, specifications for parts and devices, safety procedures for the handling of materials and substances, quality assurance and control procedures, design tools and simulation capability, all manuals and technical information Heraeus provides to its own employees, customers, suppliers, agents or licensees, and all research data concerning historic and current research and development efforts relating to S&I, including, but not limited to, designs of experiments and the results of successful and unsuccessful designs and experiments.

## II. OBJECTIVES

The proposed Final Judgment filed in this case is meant to ensure Heraeus' prompt divestiture of the Divestiture Assets for the purpose of remedying the loss of competition alleged in the Complaint. This Asset Preservation Stipulation and Order ensures that, until such divestiture required by the Proposed Final Judgment has been accomplished, the Divestiture Assets will remain as economically viable, competitive, and saleable assets.

## III. JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over each of the parties hereto, and venue of this action is proper in the United States District Court for the District of Columbia.

## IV. COMPLIANCE WITH AND ENTRY OF PROPOSED FINAL JUDGMENT

A. The parties stipulate that a Final Judgment in the form attached hereto as Exhibit A may be filed with and entered by the Court, upon the motion of any party or upon the Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, and without further notice to any party or other proceedings, provided that the United States has not withdrawn its consent, which it may do at any time before the entry of the proposed Final Judgment by serving notice thereof on Heraeus and by filing that notice with the Court. Heraeus agrees to arrange, at its expense, publication as quickly as possible of the newspaper notice required by the APPA, which shall be drafted by the United States, in its sole discretion. The publication shall be arranged no later than three business days after Heraeus' receipt from the United States of the text of the notice and the identity of the newspaper within which the publication shall be made. Heraeus shall promptly send to the United States (1) confirmation that publication of the newspaper notice has been arranged, and (2) the certification of the publication prepared by the newspaper within which the notice was published.

B. Heraeus shall abide by and comply with the provisions of the proposed Final Judgment, pending the proposed Final Judgment's entry by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment, and shall, from the date of the signing of this Asset Preservation Stipulation and Order by the parties, comply with all the terms and provisions of the proposed Final Judgment. The United States shall have the full rights and enforcement powers in the proposed Final Judgment as though the same were in full force and effect as an order of the Court.

C.  This Asset Preservation Stipulation and Order shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

D.  In the event (1) the United States has withdrawn its consent, as provided in Section IV(A) above, or (2) the proposed Final Judgment is not entered pursuant to this Asset Preservation Stipulation and Order, the time has expired for all appeals of any court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then Heraeus is released from all further obligations under this Asset Preservation Stipulation and Order, and the making of this Asset Preservation Stipulation and Order shall be without prejudice to any party in this or any other proceeding.

E.  Heraeus represents that the divestiture ordered in the proposed Final Judgment can and will be made, and that Heraeus will later raise no claim of mistake, hardship or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

## V. ASSET PRESERVATION PROVISIONS

Until the divestiture required by the proposed Final Judgment have been accomplished:

A.  Heraeus will not destroy, sell, lease, assign, transfer, pledge, or otherwise dispose of any of the Divestiture Assets, even if those assets are no longer used by Heraeus, except that Heraeus may continue to use, sell or dispose of inventory formerly owned by Minco in the normal course of business. Within twenty (20) days after the entry of the Asset Preservation Stipulation and Order, Heraeus will inform the United States of the steps it has taken to comply with this Asset Preservation Stipulation and Order.

B.  Heraeus will preserve all corporate and commercial books and records formerly belonging to Minco that are currently in Heraeus' possession.

C.  Heraeus will not terminate (except for cause) any United States-based full-time employee formerly employed by Minco. Heraeus' employees with primary responsibility for the productive use of the Divestiture Assets shall not be transferred or reassigned to other areas within the company except for transfer bids initiated by employees pursuant to defendant's regular, established job posting policy. Heraeus shall provide the United States with ten (10) calendar days' notice of such transfer.

D.  Heraeus will preserve the tooling, equipment, product and process drawing and specifications, and other items necessary to manufacture products formerly manufactured by Minco.

E.  Heraeus shall take no action that would jeopardize, delay, or impede the sale of the Divestiture Assets.

F.  Heraeus shall take no action that would interfere with the ability of any trustee appointed pursuant to the Final Judgment to complete the divestitures pursuant to the Final Judgment to an Acquirer acceptable to the United States.

G.  Subject to the approval of the United States, Heraeus shall appoint a person or persons to oversee the Divestiture Assets, and who will be responsible for Heraeus' compliance with this section. This person shall have complete managerial responsibility for the Divestiture Assets, subject to the provisions of this Final Judgment. In the event such person is unable to perform his duties, Heraeus shall appoint, subject to the approval of the United States, a replacement within ten (10) working days. Should Heraeus fail to appoint a replacement

acceptable to the United States within this time period, the United States shall appoint a replacement.

## VI. DURATION OF ASSET PRESERVATION OBLIGATIONS

Heraeus' obligations under Section V of this Asset Preservation Stipulation and Order shall remain in effect until (1) consummation of the divestitures required by the proposed Final Judgment or (2) until further order of the Court. If the United States voluntarily dismisses the Complaint in this matter, Heraeus is released from all further obligations under this Asset Preservation Stipulation and Order.

Dated: January 2, 2014

Respectfully submitted,

**FOR PLAINTIFF
UNITED STATES OF AMERICA**

*/s/ Lowell Stern*

Lowell R. Stern * (D.C. BAR #440487)
United States Department of Justice
Antitrust Division
Litigation II Section
450 Fifth Street, NW, Suite 8700
Washington, DC 20530
Tel: (202) 514-3676

*Attorney of Record

FOR DEFENDANT
HERAEUS ELECTRO-NITE CO, LLC

_____
Paul M. Honigberg, Esq. (D.C. Bar #342576)
Blank Rome LLP
Watergate
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 772-5800

_____
Jeremy A. Rist, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Phone: (215) 569-5361

## ORDER

IT IS SO ORDERED by the Court, this 27th day of Jan., 2014.

_____
United States District Judge
J. Boasberg